UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 18-cr-0295 (WMW/ECW) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Jeremy Ryan Myhre, | |
| Defendant. | |

Before the Court is the April 29, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 38.) The R&R recommends denying both Defendant Jeremy Ryan Myhre's motion to suppress statements made during an interview with police officers and his motion to suppress evidence obtained from Myhre's residence during the execution of a search warrant. Myhre filed objections to the recommendation to deny his motion to suppress statements, and Plaintiff United States of America responded. For the reasons addressed below, the Court overrules Myhre's objections and adopts the R&R.

## BACKGROUND

The indictment in this case charges Myhre with possession and distribution of child pornography. The investigation of this case began when police officers traced child pornography files to an IP address registered to Myhre's residence. Police officers obtained a search warrant for Myhre's residence and executed that search warrant on December 20, 2016.

FBI Special Agent Robert J.E. Blackmore and his team arrived at Myhre's residence on December 20, 2016, identified themselves as police, and presented the search warrant. The officers conducted a security sweep of the premises and briefly handcuffed Myhre. After securing the area, Special Agent Blackmore and Captain Wyatt Bienfang interviewed Myhre. Special Agent Blackmore's weapon was concealed and Captain Bienfang's weapon was visible. The officers conducted the interview in a guest bedroom and allowed Myhre to sit where he would feel most comfortable. Although he did not provide *Miranda* warnings to Myhre, Special Agent Blackmore asked Myhre if he would be willing to participate in the interview. Myhre agreed to do so and did not object to having the interview recorded. Special Agent Blackmore told Myhre during this interview that he was not under arrest and did not have to participate in the interview.

The record indicates that the tone of the interview was polite and cordial. Myhre presented no signs of confusion during the interview. And Special Agent Blackmore made no promises to Myhre. The interview lasted approximately one hour. The officers did not arrest Myhre at the conclusion of the interview.[1]

Myhre filed a motion to suppress the statements he made during the December 20, 2016 interview and a motion to suppress evidence obtained during the search of his residence on that same date. The magistrate judge issued an R&R that recommends denying both of Myhre's motions. The R&R concludes that Myhre was not in custody

---

[1] Special Agent Blackmore briefly interviewed Myhre a second time, also on December 20, 2016. In that interview, which lasted approximately five minutes, Myhre agreed to take a polygraph test. The tone of the second interview was similar in nature to that of the first.

during the interview and his statements were made voluntarily. The R&R also concludes that the evidence seized during the execution of the search warrant should not be suppressed because the search was constitutional, as the underlying search warrant was based on probable cause. Myhre objects only to the recommendation to deny his motion to suppress his statements made during the interview. Neither party objects to the R&R's remaining conclusions. The United States filed a response to Myhre's objections.

## ANALYSIS

### I. Myhre's Objections to the R&R

Because Myhre filed timely objections with respect to the motion to suppress statements, the Court reviews that portion of the R&R de novo. 28 U.S.C. § 636(b)(1); *accord* LR 72.2(b)(3).

Myhre contends that the R&R erroneously concluded that Myhre was not in custody during his December 20, 2016 interview with police officers. Courts in the Eighth Circuit utilize the *Griffin* factors when analyzing whether an interview is custodial. *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990). The *Griffin* factors include:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*Id.*

As relevant to the first three *Griffin* factors, the officers advised Myhre that he was not under arrest, Myhre was allowed to choose where to position himself during the interview, and he responded to the officers' questions despite being told that he did not have to. As to the latter three *Griffin* factors, the record indicates that the tone of the interview was polite, there was a two-way conversation between the police officers and Myhre, and Myhre was not arrested when the interview ended. These circumstances weigh in favor of concluding that Myhre was not in custody during the interview.

In his objection, Myhre recounts the same facts as included in the R&R and applies the *Griffin* factors. But Myhre reaches a different conclusion under the *Griffin* factors as to whether the interview was custodial. In doing so, Myhre offers no new arguments or case law that were not already considered in the R&R. The Court agrees with the analysis contained within the R&R and discerns no basis for departing from the R&R's conclusion. For these reasons, the Court overrules Myhre's objection to the R&R's determination of his custodial status during the December 20, 2016 interview.

Myhre next argues that the R&R erroneously concludes that his statements were voluntary. Even when a statement is made to law enforcement in a noncustodial setting, it must be voluntary. *United States v. Brave Heart*, 397 F.3d 1035, 1040 (8th Cir. 2005). "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *Id.* (internal quotation marks omitted). Here, the record demonstrates that the tone of the officers during the interview was polite, the officers made no promises

4

to Myhre, and Myhre showed no signs of confusion during the interview. Moreover, an execution of a search warrant, by itself, does not create a coercive atmosphere such that resulting statements are necessarily involuntary. *United States v. Williams*, 760 F.3d 811, 815 (8th Cir. 2014). After reviewing the record, the Court agrees with the R&R's conclusion that Myhre's statements were voluntary.

Once again, Myhre relies on the same facts and legal framework as the R&R, but disagrees with the conclusion. Myhre argues that "the coercive atmosphere of an interrogation occurring during the execution of a search warrant" necessarily constitutes overbearing circumstances that render any resulting statement involuntary. But the Eighth Circuit case law reaches the *opposite* conclusion. *Id.* (explaining that an interview during the execution of a search warrant is not, without more, coercive). Accordingly, the Court overrules Myhre's objection to the R&R's conclusion as to the voluntariness of his statements.

## II. Myhre's Motion to Suppress Evidence

The R&R also recommends denying Myhre's motion to suppress evidence obtained during the execution of the search warrant on December 20, 2016. Neither party objects to this recommendation, and the Court reviews for clear error those portions of the R&R to which no objection was filed. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having carefully

reviewed the conclusions of the R&R to which no objections were filed, the Court finds no clear error.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Jeremy Ryan Myhre's objections to the April 29, 2019 R&R, (Dkt. 40), are **OVERRULED**.

2. The April 29, 2019 R&R, (Dkt. 38), is **ADOPTED**.

3. Defendant Jeremy Ryan Myhre's Motion to Suppress Statements, Admissions and Answers, (Dkt. 20), is **DENIED**.

4. Defendant Jeremy Ryan Myhre's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, (Dkt. 22), is **DENIED**.

Dated: June 19, 2019	s/Wilhelmina M. Wright
	Wilhelmina M. Wright
	United States District Judge