UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0295 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR CONDITIONAL PRESENTENCE RELEASE** |
| Jeremy Ryan Myhre, | |
| Defendant. | |

This matter is before the Court on Defendant Jeremy Ryan Myhre's motion for conditional presentence release. (Dkt. 103.) Plaintiff United States of America opposes Myhre's motion. For the reasons addressed below, Myhre's motion is denied.

## BACKGROUND

In a December 4, 2018 indictment, the United States charged Myhre with distributing and possessing child pornography. The United States subsequently charged Myhre by information with one count of receipt of child pornography on September 5, 2019. After Myhre failed to appear for a September 12, 2019 change-of-plea hearing, the Court issued a bench warrant and Myhre was arrested on September 16, 2019. The magistrate judge subsequently ordered Myhre to be detained, specifically finding that Myhre presents a risk of nonappearance at future court proceedings and that no condition or combination of conditions will reasonably assure Myhre's appearance at future court proceedings.

At an October 1, 2019 hearing, Myhre pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  At the conclusion of that hearing, the Court found that the Mandatory Detention Act applied and remanded Myhre to the custody of the United States Marshals Service to await sentencing.  *See* 18 U.S.C. § 3143(a)(2).  Myhre remains in custody at the Sherburne County Jail.

The Court initially scheduled Myhre's sentencing hearing to occur on January 30, 2020.  However, Myhre's sentencing hearing has yet to occur because of the COVID-19 pandemic, Myhre's desire for an in-person sentencing hearing, and multiple requests for a continuance filed by Myhre.  Most recently, on November 11, 2020, Myhre and the United States jointly requested an indefinite continuance of the sentencing hearing.  The Court granted the parties' joint request for a continuance, and the sentencing hearing date remains to be determined.

Myhre filed the pending motion for conditional presentence release on December 16, 2020.  Myhre argues that, although his offense of conviction is subject to the Mandatory Detention Act, his conditional presentence release is warranted in light of several exceptional reasons.  These exceptional reasons, Myhre asserts, are the elevated health risks posed by COVID-19 in light of Myhre's current health conditions, the repeated delays in the scheduling of his sentencing hearing, and the low risk that Myhre will fail to appear for his sentencing hearing.  The United States opposes Myhre's motion, arguing that Myhre has not established a risk to his health at Sherburne County Jail that qualifies as an exceptional reason under the Mandatory Detention Act.  The United States also contends that Myhre poses both a risk of flight and a danger to the community.

## ANALYSIS

The decision to release a defendant pending sentencing is governed by 18 U.S.C. § 3143. After a defendant has been found guilty of an offense described in Section 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant detained unless two conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed; *and* (2) there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community. 18 U.S.C. § 3143(a)(2). Because the offense to which Myhre pleaded guilty meets the statutory definition of a crime of violence, as it involved the sexual exploitation of children, Myhre is subject to the Mandatory Detention Act. *See* 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2), 3156(a)(4)(C). Myhre does not dispute that he meets the criteria for mandatory detention.

Notwithstanding the mandatory-detention provisions of 18 U.S.C. § 3143, a defendant may be released pending sentencing "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Exceptional reasons that may warrant release under Section 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted); *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) (observing that "mere personal reasons," including family- or health-related hardships, are not "exceptional," and collecting cases). In addition to demonstrating that

3

exceptional reasons exist, a defendant seeking to avoid mandatory detention also must demonstrate, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3143(a)(1)).

Myhre contends that exceptional reasons exist because he is particularly susceptible to COVID-19 in light of his severe obesity, diagnosed hypertension, depression and anxiety. Typically, health-related hardships are insufficient to establish exceptional reasons under the Mandatory Detention Act. *See, e.g.*, *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (observing that "it is a rare case in which health conditions present an 'exceptional reason' " that warrants release and collecting cases); *accord Green*, 250 F. Supp. 2d at 1149. The Court is mindful that the ongoing COVID-19 pandemic is an atypical health emergency. But if the mere existence of a pandemic were sufficient to meet the exceptional-reasons standard, the Mandatory Detention Act would be categorically inapplicable during a pandemic—a conclusion for which Myhre has not established a legal basis. Thus, to establish exceptional reasons arising from the COVID-19 pandemic, Myhre must demonstrate that his particularized health risks are "clearly out of the ordinary, uncommon, or rare." *Little*, 485 F.3d at 1211.

Myhre contends that his severe obesity and diagnosed hypertension put him at particularized risk. According to the Centers for Disease Control and Prevention (CDC), adults of any age who have "certain underlying medical conditions are at increased risk for severe illness from the virus that causes COVID-19." CDC, *People with Certain Medical Conditions* (Updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 12, 2021). These underlying medical conditions include "Severe Obesity," defined by the CDC as a body mass index (BMI) of 40 or higher, and hypertension or high blood pressure. *Id.* Myhre contends that he has a BMI of 46.2 and, therefore, is considered severely obese. And according to the Presentence Investigation Report (PSR), records from Sherburne County Jail confirm that Myhre has been diagnosed with hypertension. The United States does not dispute that Myhre's severe obesity and hypertension are known COVID-19 risk factors.[1]

The United States contends that, despite Myhre's COVID-19 risk factors, Myhre has not demonstrated that he is at a particularized risk at Sherburne County Jail. According to an affidavit provided by the jail administrator, the Sherburne County Jail has implemented numerous safety measures and contingency plans to address the COVID-19 pandemic, including reducing the inmate population, employing social distancing and sanitization measures, conducting daily inmate health screenings and temperature checks, quarantining and monitoring incoming inmates before housing them with the general population, modifying the ventilation systems and other building functions to minimize the risk of virus spread, and testing inmates for COVID-19. And according to the United States, the Sherburne County Jail has experienced relatively few

---

[1] Myhre also contends that his depression and anxiety might weaken his immune system, thereby increasing his COVID-19 risks. But depression and anxiety are not COVID-19 risk factors identified by the CDC. Moreover, Myhre presents no evidence establishing that his immune system is compromised by his depression or anxiety and, if so, to what extent. Myhre's speculative arguments pertaining to his potentially weakened immune system due to depression and anxiety do not demonstrate exceptional reasons.

5

inmates testing positive for COVID-19. Myhre presents neither arguments nor evidence that contradicts the foregoing facts. Although Myhre references recent COVID-19 outbreaks at *other* prison facilities and the suspension of in-person court hearings in this District, such arguments have no bearing on whether Myhre's particularized risks at Sherburne County Jail are "clearly out of the ordinary, uncommon, or rare." *Little*, 485 F.3d at 1211. Myhre has not demonstrated that his health risks at Sherburne County Jail are exceptional reasons that warrant his release from custody.

Myhre also argues that the delays in his sentencing establish exceptional reasons. The Court initially scheduled Myhre's sentencing hearing to occur on January 30, 2020. Myhre requested and obtained a continuance of that hearing date, and the Court rescheduled the sentencing hearing to occur on June 30, 2020. As a result of safety concerns pertaining to the COVID-19 pandemic, the Court again rescheduled the sentencing hearing, first to August 20, 2020, and later to November 19, 2020, to accommodate Myhre's request to hold the sentencing and evidentiary hearing in person.[2] And on November 11, 2020, Myhre and the United States jointly moved to continue the sentencing hearing indefinitely to permit both parties to conduct additional investigation relevant to the determination of an appropriate sentence. In short, the delays in Myhre's sentencing are attributable COVID-19 safety precautions in combination with Myhre's requests to continue the sentencing hearing, attend the hearing in person, and present

---

[2]  Notably, both parties have requested an evidentiary hearing in connection with sentencing, at which witnesses and exhibits are expected to be presented in open court. These circumstances further complicate the scheduling of a hearing in light of the protocols necessary to conduct such a hearing safely during the pandemic.

evidence at the hearing. Although the Court strives to hold Myhre's sentencing hearing as soon as possible, the delays in this case are not exceptional reasons that warrant Myhre's release from custody.

Even if Myhre could establish exceptional reasons, he cannot avoid mandatory detention unless he also demonstrates, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3143(a)(1)). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Notably, after Myhre failed to appear for a September 2019 change-of-plea hearing, the Court issued a bench warrant and Myhre was arrested several days later. The magistrate judge subsequently found that Myhre presents a risk of nonappearance at future court proceedings and that no condition or combination of conditions will reasonably assure Myhre's appearance at future court proceedings. Myhre attributes his failure to appear in September 2019 to "the combined circumstances of depression, anxiety, and the prospect of a conviction that could trigger a 15-year mandatory minimum sentence."

Myhre now argues that circumstances have changed and "the risk of his future nonappearance [is] substantially mitigated by post-plea developments." It is true that Myhre's prior state-court conviction recently was vacated. Consequently, it is undisputed that Myhre now faces a 5-year mandatory minimum sentence rather than the 15-year mandatory minimum sentence he faced when he failed to appear in September 2019. Notwithstanding this change in circumstance, Myhre continues to face the possibility of a

sentence that includes a significant term of imprisonment. Indeed, Myhre's offense of conviction is subject to a 20-year statutory maximum term of imprisonment, and the PSR calculates Myhre's advisory imprisonment range under the United States Sentencing Guidelines to be significantly higher than the statutory maximum.[3] And it is undisputed that Myhre continues to experience depression and anxiety, which contributed to his prior failure to appear for a court proceeding. As such, Myhre has not established that he is unlikely to flee.

In summary, Myhre has not satisfied his burden to establish either that exceptional reasons warrant his release pending sentencing or that he is unlikely to flee. As such, Myhre has not established that the present circumstances warrant his release.[4]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Jeremy Ryan Myhre's motion for conditional presentence release, (Dkt. 103), is **DENIED**.

Dated: January 22, 2021                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge

---

[3] The Court is mindful that the Sentencing Guidelines are advisory and that the parties may object to the PSR or otherwise seek a sentence outside the applicable guidelines range. By referencing the PSR's calculations for the purpose of Myhre's pending motion, the Court expresses no opinion as to the sentence the Court might impose or whether the PSR's calculations are correct.

[4] In light of the foregoing conclusion, the Court declines to address whether Myhre poses a danger to the safety of any other person or the community.